## Case No. 9,988.

### MYERS v. DORR et al.

[13 Blatchf. 22.] [1]

Circuit Court, D. Vermont. Oct Term, 1870.

COURTS—FEDERAL JURISDICTION—NEITHER PARTY RESIDENT OF STATE—CORPORATIONS—PURCHASE OF INTEREST PENDENTE LITE — PLEADING IN EQUITY.

1. M., a copartner with D., filed a bill against D. for a dissolution of the copartnership. and an account. The firm had a contract with the S. Co., a corporation, in regard to the furnishing by it to the firm of marble. A receiver of the copartnership property was appointed. Afterwards, M. filed an amendment and supplement to the bill. alleging a secret agreement by D. with the S. Co.. in fraud of the rights of M. under said contract. and the refusal of the S. Co. to furnish marble to the receiver, and making the S. Co. a defendant, and praying a specific performance of said contract by it. M. was a citizen of Ohio. The bill alleged that the S. Co. was a citizen of Vermont. The S. Co. interposed a plea to the jurisdiction of the court over it, alleging that it was a corporation created by Massachusetts. Issue was joined on the plea, and proofs were taken, and the cause was heard thereon, as to the S. Co.: *Held*, that the court had no jurisdiction of the suit as to the S. Co.

2. Where a plaintiff in equity, instead of setting down the defendant's plea for argument, replies to it, he admits its sufficiency as a defence, if the facts it alleges shall be established.

[Cited in Matthews v. Lalance & Grosjean Manuf'g Co.. 2 Fed. 233; Theberath v. Rubber & Celluloid Harness-Furnishing Co., 3 Fed. 151; Bean v. Clark, 30 Fed. 225; Korn v. Wiebusch, 33 Fed. 51; Burrell v. Hackley, 35 Fed. 834.]

3. A corporation can have no citizenship or inhabitancy out of the state by which it was created. and, under section 11 of the judiciary act of September 24, 1789, (1 Stat. 78,) cannot be made a party to a civil suit, in a circuit or district court, by original process, in any other district than a district of the state by which it was created.

[Cited in Runkle v. Lamar Ins. Co., 2 Fed. 11; Zambrino v. Galveston H. & S. A. Ry. Co., 38 Fed. 452.]

4. One who purchases pendente lite the interest of a defendant in the subject-matter of a suit, does not thereby become a necessary party to the suit; and, if the court has no jurisdiction of him, he cannot be compelled to come in as a party.

5. As to the S. Co. the amended and supplemental bill is an original bill.

In equity.

The bill of complaint herein, filed in October, 1869, alleged a copartnership between the plaintiff [John J. Myers], a citizen of Ohio, and the defendant [Seneca M.] Dorr, a citizen of Vermont, stated various facts as grounds for a dissolution of such copartnership, and prayed a decree declaring such dissolution and directing an account, a disposition of the copartnership property, and a distribution, &c. The copartnership was formed for the purpose of sawing and selling marble, and the firm were owners of mills, machinery, &c., used in their business. The firm also held a contract with the Sutherland Falls

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

17FED.CAS.— 70

Marble Company, by which the latter, upon certain terms therein specified, agreed to furnish to the firm marble in blocks, to be sold, and gave them the right to hold and use certain mills and property of the said company. Such contract contained a provision that no assignment thereof should be made by the firm without the consent of the marble company. After the filing of the bill a receiver of the copartnership property was appointed. In the October term, 1869, the plaintiff filed what was termed an amendment and supplement to his bill of complaint, alleging that the defendant Dorr had, in September, 1869, entered into a secret agreement or understanding with the Sutherland Falls Marble Company, in fraud of the plaintiff, under said contract, or in modification thereof, the object of which was to depreciate the value of the interest of the latter in the contract for the supply of marble to the firm, and embarrass the business of the firm; that the said company had, since the appointment of the receiver herein, and in pursuance of such fraudulent agreement with Dorr, by notice in writing, refused to supply marble under such contract, and called on the plaintiff to vacate and deliver up the quarries and other property of said company, on the ground that the appointment of such receiver operated as an assignment of the contract, in violation of the provisions thereof; and that said company had, since the said notice, discontinued the supply of marble, and refused to continue the same, although the receiver desired, and was ready to proceed with, the execution of the said contract. It then averred that great injury to the plaintiff and to the business, and great embarrassment to the receiver, would ensue, if marble were not supplied to the firm or its receiver, for the purpose of maintaining and preserving the business. Thereupon the plaintiff insisted that he was entitled to a decree for a specific performance of the said contract by the said marble company, and to an injunction restraining any further acts, &c., tending to discharge. modify or suspend the said contract; that the giving of such notice was a contempt of this court; and that the said Sutherland Falls Marble Company ought to be made a party to this suit. This bill further alleged, that the said marble company was organized for the sole purpose of quarrying marble in the state of Vermont; that its quarries, property, business and principal office were in that state; that a part of its directors and stockholders, and its general agent, resided in that state; that the company had likewise a charter obtained from the legislature of the state of Vermont; and that it was a citizen of said state of Vermont. Wherefore the complaint prayed relief as aforesaid, and that the company might be decreed specifically to perform their contract, and be enjoined from suspending business or the supply of marble under the contract, &c., with a prayer for process against the said company, &c.

The Sutherland Falls Marble Company, appearing specially and only for the purpose of objecting to the assumption of any jurisdiction of that company by this court, interposed a plea to the jurisdiction, wherein it was alleged, that the said company was not organized for the sole purpose of quarrying marble in the state of Vermont; that its property was not solely in that state; that it had not, and never had had, any charter obtained from the legislature of that state, and, if any person or persons had obtained from that legislature any act of incorporation under the same name or a similar name, it was without the knowledge or consent of such defendant, and such defendant had never adopted or acted under it; and that such defendant was not, in any sense, a citizen of the state of Vermont, but was a corporation organized and established within and by the laws of the state of Massachusetts only, and had its locality, residence and citizenship solely in Massachusetts, and had no residence, citizenship or locality within the state of Vermont.

Upon this plea the plaintiff took issue, averring that the said plea and the several matters and things therein pleaded and therein set forth were not true. Proofs were taken, and, upon the bill and supplement, plea and proofs, the cause was heard as to the said Sutherland Falls Marble Company.

Edward J. Phelps, for plaintiff.
Isaac F. Redfield, for defendant.

WOODRUFF, Circuit Judge. The single question presented by the pleadings in this suit, as now brought before us, is, whether the facts alleged by the Sutherland Falls Marble Company in their plea, are proved. The complainant has thought proper, by replying to the plea, to put its averments in issue. The rule is elementary, and is well settled, that, when a complainant in equity, instead of setting down the defendant's plea for argument, to test its sufficiency, elects to reply thereto, denying the facts alleged, he admits its sufficiency, both in form and substance, as a defence to all the matter of the bill to which it is pleaded, and that, if the facts shall, upon the proofs taken, be found established, the bill must be dismissed (Story, Eq. Pl. § 697; Gallagher v. Roberts [Case No. 5,194]; Hughes v. Blake, 6 Wheat. [19 U. S.] 453; Rhode Island v. Massachusetts, 14 Pet. [39 U. S.] 210, 257); and this must be done without reference to any equity arising from other facts stated in the bill.

There is no occasion to discuss the evidence. The proofs taken to sustain the allegations of the plea are uncontradicted by any evidence produced on the part of the complainant. Indeed, we do not understand the counsel for the complainant to claim that those facts are not established. The plea is to the jurisdiction of the court over the defendant corporation. By replying, the complainant admits the sufficiency of the facts alleged, to support the plea. The allegations of the plea are proved, that is to say, it is proved that the corporation was not organized for the sole purpose of quarrying marble in Vermont, and has property without that state; and that it has never had or adopted or acted under any charter granted by the legislature of that state, and is not a citizen of that state, but, on the contrary, is a corporation organized and established within and by the laws of the state of Massachusetts only.

It is quite too late to insist that the residence or citizenship of a director or stockholder of a corporation in another state than that by which it was created, changes or affects its citizenship. Whatever was formerly held on that subject to the contrary, it is now well settled, that a corporation can have no citizenship or inhabitancy out of the state wherein it was created; and this has become too familiar to require that we should refer to the numerous modern cases to that effect. We might therefore, with great propriety, stop here, and say the defendant has established the plea, and is, therefore, entitled to a decree dismissing the bill. The discussion, upon the hearing, had a much broader range. The counsel for the complainant treated the hearing as if it were upon a demurrer to the plea, insisting that the facts alleged therein and proved did not show a want of jurisdiction, and that, in considering that question, the court should regard every fact alleged in the bill, which the plea does not deny, as true. What we have above said, is in direct denial that the complainant is at liberty to raise any question touching the sufficiency of the plea. But, if we should pursue the subject, and consider the views urged upon us, the result to the complainant must be the same.

The defendant is a corporation created by or under the laws of the state of Massachusetts, and has no other residence or inhabitancy. The judiciary act of 1789, § 11 (1 Stat. 78), is express, that no civil suit shall be brought before a circuit or district court, against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ. In respect to the question of jurisdiction, a corporation is to be treated, pro hac vice, as a natural person. Clarke v. New Jersey Steam Nav. Co. [Case No. 2,859]; Day v. Newark Ind. R. Co. [Id. 3,685]. Such corporation cannot be found out of the state wherein it is created, within the meaning of the statute, and be served by or through its officers. Pomeroy v. New York & N. H. R. Co. [Id. 11,261]. To the general rule declared by the statute, see Toland v. Sprague, 12 Pet. [37 U. S.] 300; Picquet v. Swan [Case No. 11,134]; Richmond v. Dreyfous [Id. 11,799]; and the other cases cited above: and the case of Minnesota Co. v. St. Paul Co., 2 Wall. [69 U. S.] 609, relied upon by the complainant as creating an exception, affirms the general rule. And yet here the Sutherland Falls

Marble Company is sued and required to answer in the district of Vermont. The circuit court of that district has no jurisdiction to compel that corporation to appear and answer, and the repeated decisions of the supreme court, that no decree can be pronounced which shall affect the rights of a party who is out of the jurisdiction, show that no decree can be pronounced against this defendant. Story v. Livingston, 13 Pet. [38 U. S.] 359; Coiron v. Millaudon, 19 How. [60 U. S.] 113; Shields v. Barrow, 17 How. [58 U. S.] 130; Northern Indiana R. Co. v. Michigan Cent. R. Co., 15 How. [56 U. S.] 233; Barney v. Baltimore City, 6 Wall. [73 U. S.] 280.

In order to sustain the jurisdiction, the counsel for the complainant insists that the Sutherland Falls Marble Company have, since this suit commenced, purchased the interest of the defendant Dorr in the contract with them; and this is claimed to be a submission to the jurisdiction, and to make them substantially parties to the suit. In the first place, the fact alleged is not proved, and we are constrained so to find, upon the evidence. In the next place, if proved, it could not affect the question. A purchaser pendente lite may be said to submit to the jurisdiction, but in this sense only—he purchases subject to the litigation; but the litigation may proceed without noticing his purchase, and he does not, by such purchase, become a necessary party. If the court have not jurisdiction of him, he cannot be compelled to come in as a party. And, once more, it is claimed to be essential to the rights of the complainant, and to the protection of the business now in the hands of the receiver, and its successful prosecution, that the complainant should have the relief against the marble company sought by the supplemental bill. A short answer might be given to this. The complainant or the receiver must seek that relief in a court having jurisdiction of the party against whom it is sought. The circumstance that such relief would be beneficial to the parties, and prevent incidental loss to them, pending the prosecution of the original bill, will not warrant or create any extension of the power of the court.

We forbear to remark upon the extraordinary character of the whole case now before us, in which a complainant who has commenced a suit to dissolve a copartnership and adjust its affairs with his partner, seeks, by what he calls a supplemental bill, to compel a third party, who has no interest in the copartnership, specifically to perform an agreement made with the firm; and that is just what is sought against this defendant. As to him the bill is, in every just sense, an original bill. If the complainant can maintain such a suit upon the contract in question, he must prosecute it where the court has jurisdiction, and the attempt to unite it with a controversy with his partner touching their copartnership affairs, cannot avail anything. And so, also, the receiver of the co-partnership property, if, in virtue of his receivership, he can sue on the contract, or if he can maintain a suit for its specific performance, must prosecute it elsewhere. Arguing that it is important that this court should have jurisdiction of this defendant, in order to do full justice and protect all parties, will not avail to confer jurisdiction, where the limitation imposed by statute and settled by adjudication forbids its exercise.

We have referred to the nature of the suit for the purpose of adding, that the case of Minnesota Co. v. St. Paul Co., 2 Wall. [69 U. S.] 609, touches no question here discussed. There, a suit was rightly brought and was decided, the court having jurisdiction of the parties, a decree was made, it was found that certain orders made in execution of the decree were invalid by reason of a change in the jurisdiction of the court, and that further adjudication was necessary in order to the execution of the decree and the disposal of the property in the hands of the receiver, and it was held that a bill supplemental in its nature, filed in order to carry the prior decree into execution and administer the property, was to be regarded, not as an original suit, but as a continuation of the former suit, and that, as no other court could execute that decree and make due administration of the property, the power of the court to act was not impaired by the fact that persons who had acquired interests in the property or questions were citizens of the same state as the complainant in such last-named suit; and the court refer to cases in which a person acquiring rights as purchaser under a decree, is regarded as a party having a right to proceed in continuation of the suit, so far as to protect his rights, irrespective of any question touching his citizenship. In a recent case (Jones v. Andrews, 10 Wall. [77 U. S.] 327), the supreme court have gone so far as to hold, that, where a judgment has been recovered in a suit in the circuit court, and the judgment creditor is proceeding in that court, by the process of garnishment, against an alleged debtor of the defendant in the judgment, such debtor may file a bill supplemental or ancillary to his defence, to protect himself against a compulsory proceeding duly instituted to compel him to pay, showing by such bill a just and equitable defence, and the necessity of making the creditor not residing in the district a party will not defeat such ancillary suit. And, in Freeman v. Howe, 24 How. [65 U. S.] 450, where a suit had been duly commenced in the federal court by attachment of property, and, while the same was in the possession of the marshal, it was taken from him by process of replevin issued by the state court at the suit of a third party, the court not only held that such interference with the custody of the marshal was illegal, but declared that a bill of equity might, in such case, be filed by the plaintiff in the federal court against the plaintiff in the replevin suit, notwithstanding both were citi-

zens of the same state. These cases proceed upon the ground, that, where the federal court is proceeding in the due exercise of its jurisdiction, it has power to regulate and control its own judgments, and carry them into execution, and power to maintain its own jurisdiction, and protect either plaintiff or defendant therein, in respect of the subject-matter thus lawfully within its jurisdiction, and, by an ancillary suit, to call in parties for those purposes, whether their citizenship would have authorized an original suit against them by the plaintiff in such ancillary proceeding, or not. The present is no such case. Here, the original suit was for the dissolution of a copartnership, and the adjustment of the rights of the complainant and Dorr. In that the marble company had no interest, and they have done nothing to prevent that suit from proceeding to its termination according to its intent and purpose. The cause of action against the marble company is its refusal to perform a contract made with the firm, and the decree sought is the specific performance of that contract. To grant the relief might be useful to the parties to the original bill, but it has no legal connection with the cause of action therein, and is in no sense necessary to the full exercise of the jurisdiction of the court. It is not, in any sense, a continuation of the original suit, but an attempt to add a new cause of action against a new party.

This bill must be dismissed, as to the defendant the Sutherland Falls Marble Company, with costs.