### THEBERATH *v*. THE RUBBER & CELLULOID HARNESS-TRIMMING COMPANY.

*(Circuit Court, D. New Jersey.   July 14, 1880.)*

1. PATENTS No. 99,032, No. 5,006, and No. 167,040.—Patents No. 99,032, for " improvement in the covering of harness trimmings; " No. 5,006, for a " new and useful design for harness trimmings; " and No. 167,-040, for " improvement in harness mountings,"—are infringed where the infringer adopts the methods and designs of the patents, although he covers the articles with leather rather than rubber.

On Bill, etc.

NIXON, D. J.   This case has been heard on bill, plea, replication, and proofs.   The bill alleges that the complainant is the original and first inventor of three several patents, to-wit: one for the "improvement in the covering of harness trimmings," dated January 18, 1870, and numbered 99,032; one for a "new and useful design for harness trimmings," dated June 13, 1871, and numbered 5,006; and one for "improvement in harness mountings," dated August 24, 1875, and numbered 167,040; and charges that the defendant corporation has made, used, and vended to others to be used, a large number and quantity of an article of harness trimmings which infringe the three several patents.   The plea denies that the three alleged inventions are, in point of fact, connected together in use or operation, and conjointly embodied in any of the harness trimmings and other articles manufactured, used, or sold by the defendant, on which denial the complainant has taken issue by replying.   The complainant's replication is an admission by him of the sufficiency of the plea as a defence, if the facts which it alleges are established by the evidence.   *Myers* v. *Dorr*, 13 Blatchf. 22–26; Story's Eq. Pl. § 697.   The issue, then, is as to the truth of the allegations of the plea, that no one article manufactured and sold by the defendant infringes the three patents on which the suit is founded.   The patents occupy very narrow ground.   They refer to new methods of covering harness trimmings, and to new designs in the formation of rings and terrets.   The tes-

timony is brief, but I think its weight is with the complainant. Both Kuhn and Davy seem to be intelligent witnesses, and give satisfactory reasons why certain articles, which are acknowledged to be the product of the defendant's manufactory, infringe the complainant's patents.

The last-named witness, taking Exhibit E, which is a bolt hook and two terrets, made and sold by the defendant corporation, said that they infringed the three claims of the three patents "in having a raised or oval center, with a depressed seam or groove on each edge, and a turned-up, solid metallic edge; are of precisely the same design, and undoubtedly were made to imitate goods manufactured under the complainant's several patents." This testimony is confirmed by the eye-sight. The articles made and sold by the defendant appear, on inspection, to be the same as those made and sold by the complainant under his patents, except in the one case they are covered with vulcanized rubber, and in the other with leather. The only contradiction to it is the evidence of Mr. Albright, the president of the defendant company, and his denial of the infringement seems to be based upon the idea that the patents of the complainant cannot be infringed without the use of leather, needles, and stitches. The defendant adopts the methods and designs of the patents, but covers the article with rubber rather than leather, and this is done in the face of the statement of the patentee in his specifications "that the covering may be made of any material, whether elastic or non-elastic, and may be applied to any and every kind of harness trimmings in precisely the same manner rubber may be used for such trimmings."

Under the proofs there must be judgment on the plea in favor of complainant, with costs.