REILLY v. PHILADELPHIA & R. RY. CO.

(District Court, S. D. New York. June 3, 1901.)

1. ADMIRALTY JURISDICTION—NONRESIDENT CORPORATION.

A suit in admiralty, in personam, may be maintained against a corporation of another state in any district in which service may be had upon it.

2. FOREIGN CORPORATIONS—JURISDICTION OF FEDERAL COURT—SERVICE OF PROCESS ON DIRECTOR.

Service of process upon a director of a foreign corporation, who is found within the district, but who neither transacts any corporate business therein, nor is charged with any business of the corporation, is not, under the general law, a sufficient service to give a federal court jurisdiction over the corporation.

3. SAME—NEW YORK STATUTE.

Under Code Civ. Proc. § 432, providing that personal service of summons on a foreign corporation may be made, in the absence of the president, treasurer, or secretary, or any person designated by the corporation for that purpose, on "the cashier, a director or a managing agent within the state," provided the corporation has property within the state or the cause of action arose therein, which provisions are applicable to suits in the federal courts where the corporation does business in the state, and thereby impliedly assents to the conditions imposed by the statute, service of monition in a suit in admiralty in a district of New York for breach of a contract made in that state on a director of a foreign corporation found within the district, is a sufficient service on the corporation, where it has property within the state; and a leasehold interest in vessels within the state under a lease for the term of 49 years constitutes property, within the meaning of the statute.[1]

In Admiralty. Suit for demurrage under charter. On exceptions to libel for want of jurisdiction.

Hyland & Zabriskie for libelant.

James Armstrong for defendant.

BROWN, District Judge. The above libel was filed to recover "in a cause of contract and demurrage." The libel avers that the respondent is a foreign corporation, organized under the laws of Pennsylvania; that "the respondent is, or one or more of its directors and officers are, within this district and jurisdiction; that one Lawrence J. Barrett was its agent, and that the libelant's vessel was chartered or employed through him to carry a cargo of coal from Port Reading in New Jersey to some place in the harbor of New York, to be thereafter designated; that in pursuance of said contract the said libelant took his said vessel to Port Reading, reported readiness for cargo, and that she was afterwards loaded, but detained 14 days beyond the customary and agreed time; and that for such detention the libelant is entitled to $78 at the rate of $6 per day, her reasonable value.

The marshal's return of process shows service upon Charles Steele, "a director of said company within this district." The defendant appeared and gave security for costs and at the same time filed ex-

[1] As to jurisdiction as to matters of contract in general, see notes in The Richard Winslow, 18 C. C. A. 347; Boutin v. Rudd, 27 C. C. A. 530.

ceptions to the libel "for want of jurisdiction of the defendant, it appearing by the libel that the defendant is a foreign corporation, and not appearing that the defendant has any office or domicile here, or that the alleged contract was made within this state or district." An affidavit is also submitted for the defendant to the effect that none of its officers reside in this district or state; that it has no office here, is not domiciled here and has no property here; but that the vessels, cars and equipment operated by the corporation are not owned by it, but leased at a fixed rental, a copy of the lease being submitted; also "that the cause of action did not arise within this district or state, but as it appears on the face of the libel, arose in the district of New Jersey." An affidavit on behalf of the libelant states that Barrett in a previous action had sworn that he was the agent of the defendant; that the hiring of the vessel took place at No. 1 Broadway in this district where one Hughes had an office; and that Barrett had testified, admitting the hiring of the vessel through Hughes, and that the defendant had an office at 143 Liberty street in this city; and that the cause of action arose here, though the delay took place at Port Reading, N. J.

There is no question that this court has jurisdiction of the cause of action wherever it arose, and that the libel is maintainable, provided process was duly served upon the respondent within this district. In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991. The defendant's appearance and giving security for costs in connection with its exceptions to the libel, is not equivalent to a general appearance with an answer on the merits, which waives any defects in the service. Decker v. Packing Co., 11 Blatchf. 76, Fed. Cas. No. 3,727.

The only question, therefore, is whether the service of the monition on Steele, a director of the defendant, within this district, is in legal effect a service upon the corporation. Most of the federal decisions as respects service upon foreign corporations turn upon the question whether the corporation "is found" within the district, or is an "inhabitant" or "resident" therein, under the special statutes giving jurisdiction to the circuit court in cases of diverse citizenship. Under those statutes it has been frequently ruled that the mere service of process upon an officer, agent or director of a foreign corporation within the state, is not of itself sufficient, unless the corporation does business or has property within the state, or has some designated agent for the receipt of service. Myers v. Dorr, 13 Blatchf. 22, 27, Fed. Cas. No. 9,988; Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768. The subject is discussed at length in the case of St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222, where it is said in the opinion of Mr. Justice Field:

"Serving process on its agents in other states, for matters within the sphere of their agency, is, in effect, serving process on it, as much so as if such agents resided in the state where it was created."

It is further said, as respects state laws providing for the service of process upon a foreign corporation:

"If a state permits a foreign corporation to do business within her limits, and at the same time provides that in suits against it for business there

done, process shall be served upon its agents, the provision is to be deemed a condition of the permission; and corporations that subsequently do business in the state are to be deemed to assent to such condition as fully as though they had specially authorized their agents to receive service of the process."

In Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, it was held that where a foreign corporation does not do business within the state, nor has any agent or property therein, service of process upon its president temporarily within the jurisdiction, though in accordance with a state statute, is insufficient to support a judgment against the corporation so as to be valid in any other forum.

In the case of In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, in which the question of what was a sufficient service upon a European corporation was considered under the general law irrespective of the United States statutes, it was held that a service upon the financial agent of the corporation in this district, wherein the corporation transacted chiefly its monetary and financial business for this country, was a sufficient service upon the corporation.

Upon these authorities it must be held that service of process upon a mere director who is found within the district, but who neither transacts any corporate business here, nor is charged with any business of the corporation, would not under the general law be sufficient service upon the corporation.

The New York Code of Civil Procedure, however (section 432), provides that personal service of a summons upon a foreign corporation may be made (1) upon the president, treasurer or secretary; (2) on a person designated for the purpose by the corporation; (3) in the absence of the above, "on the cashier, a director or a managing agent within the state," provided that "the corporation has property within the state, or the cause of action arose therein."

Upon the libel and the affidavits submitted, there seems to be no doubt that the defendant transacts business within this state, and that the libelant's vessel was in fact hired within this district through the agent of the corporation transacting its business here, and that this contract was made here. If the fact that the detention of the vessel and the consequent breach of contract and the damage, arose in New Jersey, so that the cause of action might be deemed to have "arisen" there instead of within this district wherein the contract was made, it must nevertheless be found upon the affidavits submitted that the defendant does have property within this state and is therefore within clause 3 of section 432 above cited. Under the recent reorganization of the defendant's company, a very large amount of property of the defendant was conveyed to the Central Trust Company of New York as trustee, by which the same property was leased to the defendant in February, 1897, for 49 years at an annual rental of $1,472,000 besides the obligation to keep the property in repair and replace such as should be lost, or destroyed by wreck or otherwise. In this lease is included, under the head of "Floating Equipment," subdivision "New York Equipment," various sound barges, tugs and canal boats, amounting in

all to 62 named boats, valued at $46,450. Although this "New York equipment" is not owned by the defendant, I do not see how so extensive a leasehold right can be denied to be a property interest. Under the law of the state, therefore, a service like the present, upon a director within the state would be sufficient; and under the doctrine quoted in St. Clair v. Cox, supra, the defendant in transacting the business of hiring the libelant's vessel within this district, thereby assented to service of process in accordance with the state law, at least in respect to such business, as much as if it had designated an agent to receive service; and in the latter event it is well settled that service upon the designated agent may be availed of in the federal courts as well as in suits in the state courts. Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853.

Exceptions overruled with liberty to answer within 10 days.