## THE RESOLUTE.

(District Court, E. D. New York.   June 29, 1926.)

No. A–8028.

1. **Admiralty** ⟨⟩32—**District Court of Eastern District of New York has jurisdiction of Maine corporation impleaded in libel suit and having office in Southern District of New York (Judicial Code, § 52 [Comp. St. § 1034] fifty-sixth rule in admiralty); "residence."**

Under Judicial Code, § 52 (Comp. St. § 1034), District Court of Eastern District of New York, in which vessel was seized and claimant resides, has jurisdiction of Maine corporation impleaded in libel suit under fifty-sixth rule in admiralty, and having office and place of business in Southern District of New York; maintenance of office and place of business constituting "residence."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Residence.]

2. **Admiralty** ⟨⟩44.

Under exception solely to jurisdiction of admiralty court, by one appearing specially, court cannot consider whether petition will lie at all for reasons other than lack of jurisdiction.

In Admiralty.   Suit by Frederick J. Saunders against the steamship Resolute, her engines, boilers, etc., the Atlantic Mail Corporation, claimant, in which claimant impleaded the Raymond & Whitcomb Company.   On exception to the jurisdiction of the court by the Raymond & Whitcomb Company.   Exception overruled.

Samuel A. Adamson, of New York City, for Raymond & Whitcomb Co.

Barry, Wainwright, Thacher & Symmers, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for Atlantic Mail Corporation.

CAMPBELL, District Judge.   This is an action in admiralty.

[1] A libel in rem was filed in this district against the steamship Resolute.   Claimant filed a petition under the fifty-sixth rule in admiralty, impleading Raymond & Whitcomb Company, a corporation organized under the laws of the state of Maine, and having an office and place of business in the borough of Manhattan, city, county, and state of New York.   Claimant's vessel, the steamship Resolute, was seized in this district.

Raymond & Whitcomb Company has no office or place of business in this district, has no officer or agent within this district, and has no property that might be attached or garnished within this district.

A duplicate writ was issued by the clerk of this court to the marshal of the Southern District of New York, and served on the Raymond & Whitcomb Company, the respondent impleaded, in that district.   Respondent impleaded has appeared specially and filed an exception to the jurisdiction of this court, as follows:

"Exceptor is a corporation organized under laws of the state of Maine, and has an office and place of business in the borough of Manhattan, county of New York.   Exceptor has no office or place of business in the Eastern District of New York, and has no officer or agent within said district, and has no property that might be attached or garnished within said district."

Section 52 of the Judicial Code reads as follows:

"Sec. 52.   (*Suits in States Containing More than One District.*)   When a state contains more than one district, every suit not of a local nature, in the District Court thereof, against a single defendant, inhabitant of such state, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the state, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides.   The clerk issuing the duplicate writ shall indorse thereon that it is a true copy of a writ sued out of the court of the proper district; and such original and duplicate writs, when executed and returned into the office from which they issue, shall constitute and be proceeded on as one suit and upon any judgment or decree rendered therein, execution may be issued, directed to the marshal of any district in the same state."   Comp. St. § 1034.

The state of New York contains more than one district, and for the purposes of this suit the claimant must be considered a resident of this district.

The maintenance of an office and place of business by Raymond & Whitcomb Company in the Southern District of New York, in admiralty, constitutes residence in that district.   Reilly v. Philadelphia & R. Ry. Co. (D. C.) 109 F. 349.

Section 52 of the Judicial Code therefore applies, and this court has jurisdiction.

[2] The exception filed was solely as to jurisdiction, to raise which question Raymond & Whitcomb Company appeared specially; therefore I cannot consider under the exception filed the question which the exceptor's proctor suggests, whether the petition will

lie at all for reasons other than the alleged lack of jurisdiction.

The exception is overruled, and Raymond & Whitcomb Company, the respondent impleaded, is given ten days to answer the petition after the filing of the order to be entered on this motion.

Settle order on notice.