## THE TROY SOCONY.

## THE FRED W. BARTH.

(District Court, E. D. New York. December 14, 1926.)

1. Courts ⊙═347(2) —To give jurisdiction by service of process in another district, statutory facts must be alleged (Judicial Code, § 52 [Comp. St. § 1034]).

To give the court jurisdiction over a defendant served in another district of the state under Judicial Code, § 52 (Comp. St. § 1034); the facts which bring the case within such provision must be alleged.

**2. Pleading ⟨⟩15—Reference to another pleading held not to incorporate its allegations.**

Reference in a pleading to another pleading in the case, allegations of which are not stated, does not incorporate the allegations in the earlier in the later pleading.

**3. Admiralty ⟨⟩71—Exceptions to petition in admiralty for jurisdictional grounds are not waived because same pleading also answers to the merits.**

Exceptions to a petition in admiralty on jurisdictional grounds are not waived because the same pleading also answers to the merits.

In Admiralty. Suit by Daniel F. Cavanaugh against the motor vessel Troy Socony, the Standard Transportation Company, claimant, with the barge Fred W. Barth, Fred W. Barth, claimant, and the Cowles Towing Company, Inc., impleaded. On exceptions by the Cowles Towing Company, Inc., to amended petition of Fred W. Barth against it. Sustained in part.

Alexander & Ash, of New York City, for libelant.

Macklin, Brown & Van Wyck, of New York City, for claimant Standard Transp. Co.

William F. Purdy, of New York City, for claimant Barth.

Stanley & Gidley, of Buffalo, N. Y. (by Duncan & Mount, of New York City), for Cowles Towing Company, Inc.

CAMPBELL, District Judge. Hearing on exceptions to the amended petition filed herein by Fred W. Barth, claimant of the barge Fred W. Barth, impleaded, against Cowles Towing Company, Inc.

Process in the form of a citation was issued out of this court, directed to the marshal of the Western District of New York, and served upon the Cowles Towing Company, Inc., at Buffalo, within the Western District of New York.

A notice of special appearance, for the purpose of excepting to such amended petition, was duly filed herein by Cowles Towing Company, Inc., and the following exceptions to the petition were filed by it.

"(1) That the facts alleged in said amended petition are not sufficient to confer jurisdiction upon this honorable court over the person of Cowles Towing Company, Inc.

"(2) That this honorable court is without jurisdiction over the person of Cowles Towing Company, Inc., in that the return of the marshal shows that the process issued out of this court upon the filing of said amended petition was served upon Cowles Towing

Company, Inc., within the Western District of New York.

"(3) That said amended petition, seeking to implead Cowles Towing Company, Inc., as a respondent herein, will not lie within the meaning and intendment of the Fifty-Sixth general admiralty rule.

"(4) That the sole specification of fault or negligence alleged in said petition upon the part of the tug Crescent and the Cowles Towing Company, Inc., is not actionable fault or negligence, for which Cowles Towing Company, Inc., may be held responsible to the petitioner or otherwise."

[1] The first exception should be sustained, because, if petitioner contends that this court has jurisdiction because of the provisions of section 52 of the Judicial Code (Comp. St. § 1034), the petition should state facts sufficient to show such jurisdiction. This it has failed to do.

The second exception should be overruled because the provisions of section 52 of the Judicial Code confer jurisdiction on this court when properly alleged. The Resolute (D. C.) 14 F.(2d) 232, 1926 A. M. C. 1094.

The third exception should be overruled.

The fourth exception should be sustained because the sole allegation of fault alleged in the petition as to the respondent here sought to be impleaded is found in article ninth of the petition, as follows:

"But was due to fault, neglect, and want of care on the part of the barge Cavanaugh and/or of the Cowles Towing Company, Inc., its agents and servants, in allowing its tug to leave her tow unattended at the place mentioned in the libel."

Libelant alleged in the fourth article of the libel that "the canal boat Irene Cavanaugh was properly and securely moored, with lights properly set, along the bulkhead, rack, spiles, or docks in the canal at Clyde, N. Y."

Petitioner alleged, in the sixth article of his amended petition, that the barge Fred W. Barth was lying properly made fast and with lights properly set, in a tow of four barges, at Clyde, N. Y., and, in the ninth article, that the barge Fred W. Barth and the barge Cavanaugh were en route to New York from Buffalo, at the time, in tow of the steam tug Crescent, which had temporarily left the tow in order to get coal.

From these allegations it appears that both of the respective barges were properly moored and made fast at the time, and therefore the Crescent was guilty of no fault with which she or her owners can be charged, because it constituted no fault on the part of

the Crescent to go for fuel, as such act was not negligent but a necessary adjunct to navigation, and only in the event that the Crescent had left the barges in an improper place, or improperly moored, while so doing, would there have been negligence in so doing.

The Crescent was bound to exercise ordinary care, and there is nothing to show that the presence of the Crescent alongside the tow would have averted or changed the result of the collision.

[2] Petitioner contends that under so much of the fifth article of the petition as reads as follows: " * * * All of which will more fully appear from said petition heretofore filed herein which said claimant, Fred W. Barth, refers to as if herein fully set forth and at length"—the petition of the Standard Transportation Company, impleading the barge Fred W. Barth, is by reference incorporated in the petition against the Cowles Towing Company, Inc.

With this contention I do not agree, because a reference to a petition does not make the allegations of that petition allegations of the petition in which such reference occurs, because, if that was intended, the petitioner should allege the allegations of the former petition as a part of the allegations of the later petition, and this could be done without restating them by the use of appropriate language. This the petitioner seems to have carefully avoided doing, because the allegations of the prior petition are in direct conflict with the allegations of the later petition.

[3] The contention of the petitioner that the respondent, having pleaded in the fourth exception to the merits, has waived its exceptions on jurisdictional grounds, while well supported as to cases on the law side of the court, finds no support in admiralty, in which it is not uncommon to join exceptions with the answer.

The first and fourth exceptions are sustained, and the petition against the respondent impleaded, Cowles Towing Company, Inc., is dismissed, with costs against the claimant impleaded, Fred W. Barth.