**DAVID C. REID CO., Inc. v. NANTUCKET SOUND TRANSPORT, Inc.**

No. 2432.

District Court, E. D. New York.

Dec. 29, 1941.

Mengel & Conroy, of New York City, for plaintiff.

Hahn & Golin, of New York City (Reuben Golin, of New York City, of counsel), for defendant Nantucket Sound Transport, Inc.

CAMPBELL, District Judge.

This case comes before this court on two motions made by the defendant:

1. For an order vacating and setting aside the service of the summons and complaint in this action and dismissing the within action for want of jurisdiction of the person of Nantucket Sound Transport, Inc., the defendant in this action, in the state court from which this cause was removed and in this court.

2. For an order, pursuant to Section 948 of the Civil Practice Act of the State of New York, requiring the plaintiff to give additional security in the sum of $4,750 upon the warrant of attachment procured by the plaintiff, etc.

This action was instituted in a court of the State of New York, the Supreme Court, Kings County, and thereafter duly removed to this court.

In this action the plaintiff demands judgment in the sum of $20,000 as commissions for the sale of a tanker or vessel known as the "Fuel Oil".

In the state court the plaintiff sued out a writ of attachment on the giving of security in the sum of $250.

Under said writ of attachment the Sheriff of Kings County attached the vessel "Fuel Oil", owned by the defendant, which was then in Kings County, New York.

Thereafter the summons and complaint herein was served on said defendant by delivering and leaving with Chester H. Canning, as the president of the defendant, true copies thereof, at the Hotel Ambassador, New York City.

The defendant alleges that it is a Rhode Island corporation, with its principal office and place of business at Tiverton in that State.

There is some dispute as to whether the defendant maintained an office within the City of New York, but for the purposes of this motion, I will assume it did not.

The defendant was the owner of the tanker or vessel known as the "Fuel Oil", which seems to have been its principal asset, and which was registered in the office of the Collector of the Port of New York and New York City was her home port.

The president of the defendant, Mr. Canning, was not a resident of the State of New York, at the time of the service of the summons and complaint upon him, as the president of the defendant, but was a resident of Tiverton, Rhode Island, and none of the officers of the defendant reside within the City of New York.

It is contended on behalf of the defendant that Mr. Canning at the time that service of the summons and complaint was made upon him, as the president of the defendant, was not in this city on the business of the defendant, but of another corporation not connected with the defendant.

It is true that the defendant is not authorized by the Secretary of the State of New York to do business within this State, and that other enumerated evidences of doing business by the defendant within the State of New York were not shown, but it was sufficient to give the state court, and on the removal of this case to this court, jurisdiction, if it be shown that Mr. Canning, on his visit to New York City, during which he was served as aforesaid, transacted business for the defendant in the State of New York, or that defendant had property in this State.

The home port of the tanker or vessel "Fuel Oil" was New York, and she was in her home port at that time, and whether she was engaged in loading or discharging cargo in interstate commerce does not change that fact.

A ship in her home port is in a very different position from a ship which comes into a port not her home port engaged in interstate commerce.

The proposed sale of the tanker or vessel "Fuel Oil" by the defendant was a matter of some importance to the defendant.

In order to make the sale it was necessary for one of the officers of the defendant to make and file, in the office of the Collector of Customs of the Port of New York, an ownership oath. This, Mr. Canning did at the Collector's office in the Custom House, New York City, while on such visit, and in addition, while Mr. Canning was in New York on such visit, the defendant arranged to have the vessel brought into the dock of the Bethlehem Steel Company for inspection by Standard Oil Company of New Jersey, the prospective purchaser, and further, while Mr. Canning was in the city, on such visit, he attended at the New York City office of the Standard Oil Company of New Jersey, the prospective purchaser of the said vessel "Fuel Oil", in connection with the sale of said vessel to it.

This, it seems to me, is sufficient to give the state court, and this court, jurisdiction. Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915; Dungan, Hood & Co., Inc., v. C. F. Bally, Limited, D.C., 271 F. 517; Reilly v. Philadelphia & R. Ry. Co., D.C., 109 F. 349.

In Tauza v. Susquehanna Coal Co., supra [220 N.Y. 259, 115 N.E. 918], Judge Cardozo, writing for the Court of Appeals of the State of New York, said "But there is no precise test of the nature or extent of the business that must be done. All that is requisite is that enough be done to enable us to say that the corporation is here."

I have examined the cases cited on behalf of the defendant, but it seems clear to me that they are not authority, in the face of the evidence, for defendant's contention that the defendant was not doing business in the State of New York, or was not the owner of property within the State of New York.

The motion to set aside the service of the summons and complaint and to dismiss for want of jurisdiction is denied.

As to the motion for further security, it is clear to me that the security originally required of $250 is not sufficient, and that further security should be required, but I cannot agree to the amount

requested by the defendant, as it is prohibitive in amount.

The motion for further security is granted, to the extent that plaintiff is required to give further security in the sum of $1,750, in addition to the security in the sum of $250, already given, making $2,000 in all.